UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OSCAR HAROLDO CASTILLO,

      Petitioner,

v.                                CASE NO. 6:06-cv-783-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner was provided an opportunity to file a reply to the response, but did not do so.

Petitioner alleges five claims for relief in his habeas petition: (1) the trial court erroneously calculated the victim injury points on his sentencing scoresheet; (2) trial counsel rendered ineffective assistance by failing to inform him that evidence existed refuting claims found in the charging affidavit; (3) trial counsel rendered ineffective assistance by failing to pursue a motion for a statement of particulars; (4) trial counsel rendered ineffective assistance by failing to object to the victim injury points on the sentencing scoresheet; and (5) trial counsel rendered ineffective assistance by failing to inform Petitioner of the Jimmy Ryce Act.

## I.      Procedural History

Petitioner was charged by information with one count of capital sexual battery.  Pursuant to a plea agreement, Petitioner entered a plea of no contest to one count of the lesser-included charge of attempted sexual battery with a recommended sentence of 17.5 years in prison to be followed by ten years of sex offender probation.  The trial court accepted Petitioner's plea and sentenced him pursuant to the plea agreement.  Petitioner appealed, and the Fifth District Court of Appeals affirmed *per curiam*.

Petitioner filed four motions to mitigate his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), which were denied.  Petitioner appealed the denial of his fourth Rule 3.800(c) motion, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion, which was denied. Petitioner appealed, and the appellate court affirmed *per curiam*.

## II.     Legal Standards

### A.      Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.     Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995).  Under those rules and presumptions, "the cases in which habeas petitioners can

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   *Analysis*

#### A.   *Claim One*

Petitioner asserts that the trial court erroneously calculated his sentence by adding victim injury points for sexual penetration.  Respondents contend that this claim is a matter of application of state sentencing law, and therefore, not a proper basis for federal habeas relief.

The Eleventh Circuit has long held that "a habeas petition grounded on issues of state law provides no basis for habeas relief." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983)).  As such, with respect to claims related to state sentencing guidelines, "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Branan*, 861 F.2d at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996 (1980)).  Moreover, this limitation on federal habeas review applies equally when a petition, "which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)).

Despite Petitioner's attempt to classify this claim as a due process violation, he is merely arguing that the state court failed to follow state procedures when imposing his sentence.  As such, claim one is not cognizable as a ground for federal habeas relief.

#### B.   *Claim Two*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to inform him that evidence existed that could refute claims contained in the charging affidavit.  Specifically,

Petitioner asserts that evidence existed that the victim indicated that a case worker identified the type of birth control pills the victim was provided, contrary to the charging affidavit which indicated that the victim identified the birth control pills she was given by Petitioner. Petitioner asserts that defense counsel's failure to inform him of this evidence renders his plea involuntary.

The state trial court denied relief on this claim. *See* App. X at 2. The state court reasoned that "[w]hether or not Petitioner had provided the victim with birth control pills is not an element of the crime [of sexual battery or attempted sexual battery], and [was] therefore inconsequential." *Id.* In other words, the state court determined that whether or not contrary statements existed concerning the victim's identification of the birth control pills, such statements did not impact the charge of sexual battery because the issue of birth control was not an element of the offense.

The information charged Petitioner with capital sexual battery in violation of section 794.011(2), Florida Statutes, which provides, "A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony. . . ." § 794.011, Fla. Stat. Thus, whether or not birth control pills are involved has nothing to do with the offense of capital sexual battery. Therefore, defense counsel's purported failure to inform Petitioner about the alleged inconsistent statements related to birth control pills cannot be said to be deficient.

Furthermore, even if counsel was deficient in failing to inform Petitioner about the alleged inconsistent statements, the Court concludes that Petitioner was not prejudiced by counsel's performance. At Petitioner's change of plea hearing, the State summarized the evidence which would have been established had the case proceeded to trial. (App. C at 9-11.) Petitioner heard and acknowledged that the evidence would show that between December 1, 2000, and April 18, 2001,

6

Petitioner had a sexual relationship with a female who was younger than twelve years of age.  The victim was prepared to testify against Petitioner.  Furthermore, several neighbors and people involved with the victim's family witnessed Petitioner's conduct.  A registered nurse would have testified that the condition of the victim's vagina was consistence with adult male penetration.  *Id.* at 9-10.  Petitioner heard the State's proposed evidence and did not object to it.  Instead, he entered a plea of no contest to the lesser-included offense of attempted sexual battery.  Accordingly, the Court concludes that the state court's determination is neither contrary to nor an unreasonable application of federal law pursuant to § 2254(d).

### C.    *Claim Three*

Petitioner asserts that trial counsel was ineffective for failing to pursue a motion for statement of particulars.  Petitioner contends that the information failed to sufficiently allege the time, date, or location of the offense.

The state trial court denied relief.  (App. X at 3.)  The state trial court noted that the charging affidavit alleged that Petitioner had sex with the victim between December, 2000, and April, 2001, at various places including Petitioner's home, the victim's home, and Petitioner's place of employment.  *Id.*  The state trial court determined that Florida courts have held "that a charging affidavit that alleges sexual battery over a period of months does not prevent a defendant from preparing a defense."  *Id.* (citing *State v. Dell'Orfano*, 592 So. 2d 338, 341 (Fla. 4th DCA 1992)).  The state trial court concluded that the charging affidavit and information were sufficient to notify Petitioner of the date and location of the alleged offense, thereby permitting him to prepare a defense.  *Id.* at 3-4.

7

This Court agrees with the state court's determination that trial counsel did not render deficient performance by failing to pursue the motion for statement of particulars nor was Petitioner prejudiced given his plea of no contest to the lesser included offense of attempted sexual battery. Accordingly, the state court's determination is neither contrary to nor an unreasonable application of federal law pursuant to § 2254(d).

### D.       Claim Four

Petitioner alleges that trial counsel rendered ineffective assistance by failing to object to the addition of victim injury points. Petitioner contends that eighty victim injury points should not have been included on his sentencing scoresheet because he entered a plea to attempted sexual battery.

The state trial court denied this claim, reasoning that Petitioner "suffered no prejudice because he pled guilty to a negotiated specific term of years, and not a guidelines sentence." (App. X at 4.) The state court determined, therefore, that even if the victim injury points had been subtracted from his sentencing scoresheet no reasonable probability existed that he would have received a lower sentence. *Id.*

Pursuant to a plea agreement, Petitioner pled no contest to the offense of attempted sexual battery in exchange for a sentence of 17.5 years. *See* App. C at 6-7. Florida courts have held that sentences imposed pursuant to the terms of a plea agreement are binding even if the sentence does not coincide with the sentencing guidelines. *See Perry v. State*, 705 So. 2d 615, 616 (Fla. 5th DCA 1998). Thus, trial counsel's failure to object to the victim injury points was not deficient

performance nor was Petitioner prejudiced.  Accordingly, the state court's determination is neither contrary to nor an unreasonable application of federal law.

### E.    Claim Five

Petitioner asserts that defense counsel was ineffective for failing to inform him that he could potentially be further confined pursuant to the Jimmy Ryce Act and by advising him that he was not subject to the Jimmy Ryce Act.  The state trial court denied this claim.  The state court reasoned that "'[d]efense counsel is not required to inform a client about the collateral consequences of his plea, and the application of the Jimmy Ryce Act is a collateral consequence of a plea.'" (App. X at 5) (*quoting Morgan v. State*,  911 So. 2d 162, 164 (Fla. 3d DCA 2005)).

"[C]ounsel is not constitutionally ineffective by failing to inform a defendant of 'collateral consequences' of a guilty plea."  *Pickard v. Thompson*, 170 Fed. Appx. 86, 87 (11th Cir. 2006) (quoting *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985)).  Florida courts have determined that the application of the Jimmy Ryce Act is a collateral consequence of entering a plea. *See Morgan*,  911 So. 2d at 164.  Accordingly, the state court's determination that trial counsel was not ineffective for failing to advise Petitioner of the potential future application of the Jimmy Ryce Act is neither contrary to nor an unreasonable application of federal law.[2]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[2]The Court further notes that Petitioner was advised by the state trial court at the time he entered his plea that the Jimmy Ryce Act could potentially be applied to Petitioner, thereby subjecting him to additional confinement. *See* App. C at 12.

     1.     The Petition for Writ of Habeas Corpus (Doc. No. 1, filed June 8, 2006) filed by

Oscar Haroldo Castillo is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk

of the Court shall enter judgment accordingly.

     2.     The Clerk of the Court is directed to close this case.

     **DONE AND ORDERED** at Orlando, Florida, this 20th day of February, 2007.

Copies to:
sc 2/20
Counsel of Record
Oscar Haroldo Castillo

                           **GREGORY A. PRESNELL**
                    **UNITED STATES DISTRICT JUDGE**